## CIRCUIT COURT OF ARLINGTON COUNTY

Irwin

v.

Palmer

November 14, 1977

Case No. (Law) 19507

By JUDGE CHARLES H. DUFF

The ground of Defendant's demurrer that the damages sought by the Plaintiff resulted from an independent source and not a breach of contract between the parties may indeed be established by the evidence at trial. However, on demurrer all facts well pleaded must be taken as admitted, and when so viewed, the Amended Motion for Judgment is sufficient. Accordingly, the demurrer is denied as to that ground.

A more troublesome problem is presented by the demand for punitive damages in a breach of contract case. The overwhelming weight of authority is that punitive damages are not so recoverable *unless* the breach itself amounts to an independent, *willful* tort. In such even proper allegations of *malice, wantonness or oppression* must be made. See Restatement of Contracts, Sec. 341 and 342. In *Wright v. Everett*, 197 Va. 608 (1956), an award of punitive damages was reversed where the evidence for the Plaintiffs was:

> insufficient to prove any element of bad motive, or fraud, or that defendant acted in a manner so wanton or oppressive or with such recklessness as implied a spirit of mischief, or criminal indifference . . . .

The mere characterization of Defendant's alleged breach of contract as "reckless" is not sufficient in my judgment to sustain a claim of punitive damages. This ground of the demurrer will be treated as a Motion to Strike the claim of punitive damages and as such will be granted. Leave is granted to Plaintiff to amend her claim for damages within fourteen days so as to satisfy the requirements of *Wright v. Everett*, if she be so advised.